IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   *Plaintiff,*<br><br> v.<br><br>STEVEN OWENS<br><br>   *Defendant.* | Crim. No. 19-81 |

OPINION

  Counsel for defendant Steven Owens("Owens") filed a motion to release him from the Allegheny County Jail ("ACJ") and place him on bond pending sentencing in light of the COVID-19 pandemic (ECF No. 46). The government filed an expedited response in opposition to Owens's request (ECF No. 48). For the reasons that follow, Owens' motion will be denied.

  On November 21, 2019, Owens pleaded guilty to counts 1 and 3 of the indictment at Crim. No. 19-81, which charged him with conspiracy (count 1) and possession with intent to distribute marijuana (count 3), in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(D), respectively, and also pleaded guilty to two counts of possession of firearms by a convicted felon (counts 2 and 4), in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The sentencing hearing was scheduled for March 24, 2020, but was continued until further order of court. The advisory guideline range, as calculated in the presentence investigation

report ("PIR"), based upon a total offense level of 30 and a criminal history category of VI, is 168 months to 210 months of imprisonment. Owens filed objections to the PIR, which will be separately addressed.

Owens has been detained since March 26, 2019. On March 29, 2019, a detention hearing was held before a United States Magistrate Judge. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the hearing, the magistrate judge found by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community (ECF No. 20). The magistrate judge's reasons for detention included the following: the rebuttable presumption under 18 U.S.C. § 3142(e)(3); the lengthy term of imprisonment Owens faces; the strong weight of the evidence against him regarding possession of a firearm in a vehicle; Owens's prior criminal history; his participation in criminal activity while on probation, parole or supervision; and his prior violations of supervision (ECF No. 20). Owens never requested review of the detention order by this court. In his pending motion, Owens does not contest that he was lawfully detained under the provisions of 18 U.S.C. § 3142.

Owens did not specifically state the statutory basis for his motion. In *United States v. Capozzi*, No. 3:16-CR-347, 2020 WL 1849777, at *2 (M.D. Pa. Apr. 13, 2020), the court considered a motion for release by a prisoner awaiting sentencing as arising under 18 U.S.C. § 3143(a). This court agrees with that analysis. Owens has now acknowledged his guilt with respect to counts 1, 2, 3 and 4 of the indictment and is awaiting sentencing. The statutory instruction in § 3143(a) thus applies.

Title 18 U.S.C. § 3143 (Release or detention of a defendant pending sentence or appeal) provides, in relevant part:

> (a) Release or detention pending sentence.-- (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).
>
> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
> > (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> > > (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> >
> > (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Before releasing Owens, the court must find that there is no likelihood of flight **and** that he poses no risk of danger to the community. "The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1(a)(6).

This court has also evaluated Owens' right to relief under the provision of the Bail Reform Act governing temporary release, which states in pertinent part: "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the

person's defense or for another *compelling reason."* 18 U.S.C. § 3142(i) (emphasis added). The court is unaware of any authority that provides a defendant with a right to a hearing. The court is able to resolve the motion without a hearing or oral argument.

Owens contends that he is at much graver risk of contracting COVID-19 at ACJ than if released and that he is particularly vulnerable because he has a lung condition as a result of being shot multiple times in 2016, *see* PIR ¶ 69, and a congenital low white blood cell count. The court notes from the PIR that Owens is 37 years old. Owens proffers that if released he will reside with his longtime paramour and will accept any conditions of supervision imposed by the court. Owens asserts that his offenses were non-violent and that he does not pose a danger to the safety of the community.

In opposing the motion, the government contends that Owens poses a danger to the community because he has committed multiple state crimes in addition to the offenses in this case and has previously violated the conditions of his supervision. The government notes Owens's extensive criminal history and lack of gainful employment, and expresses skepticism that residing at his paramour's home (where the firearm involved in count 4 of the indictment was located) will prevent Owens from engaging in further criminal conduct. The government also observes that, to date, Owens' concerns about personal exposure to Covid-19 are speculative. In sum, the government maintains that Owens failed to overcome the rebuttable presumption that no conditions of release can adequately protect the safety of the community.

The court recognizes the potential for Owens's exposure to the COVID-19 virus

at the ACJ and that three inmates have tested positive. Unfortunately, that potential exists anywhere in the community. As explained in detail by the government in its response, the ACJ, along with this court and other local authorities, have taken the necessary steps and precautions to help stop the spread of the COVID-19 virus amongst the population of Allegheny County, including those individuals detained in the ACJ. Additionally, there is no indication that Owens's medical needs are not being addressed at the ACJ. While the court is sympathetic to Owens' medical concerns and claims regarding possible complications caused by the COVID-19 virus, such speculation concerning possible future conditions does not constitute a "compelling reason" for temporary release. He failed to demonstrate by clear and convincing evidence that he does not pose a danger to the community. In other words, Owens's current arguments for release do not outweigh the factors considered by the magistrate judge in ordering his detention or the presumption of detention while awaiting sentencing.

Conclusion

The court concludes that the order detaining Owens remains appropriate. Temporary release of Owens is not warranted. The motion to modify the existing order of detention and release him from the Allegheny County Jail in light of the COVID-19 pandemic (ECF No. 46) will be DENIED.

An appropriate order follows.

Dated: April 16, 2020

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge